UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOREXPO LLC and KENDAL FLORAL SUPPLY, LLC,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>　　　　　　　　　　Defendant. | Case No.: 20-CV-1024 JLS (DEB)<br><br>**ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 41(b) AND (2) ENTERING FINAL JUDGMENT IN FAVOR OF DEFENDANT**<br><br>(ECF No. 22) |

　　　　Presently before the Court is Defendant Travelers Property Casualty Company of America's Motion to Dismiss for Failure to Prosecute Pursuant to Federal Rule of Civil Procedure 41(b) ("Mot.," ECF No. 22). Plaintiffs FlorExpo, LLC and Kendal Floral Supply, LLC (collectively, "Plaintiffs") filed an Opposition to the Motion ("Opp'n," ECF No. 23), and Defendant filed a Reply in support of its Motion ("Reply," ECF No. 24). The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See generally* ECF No. 25. Having carefully reviewed the Parties' arguments and the relevant law, the Court **DENIES** Defendant's Motion.

///

///

## BACKGROUND

Plaintiffs are importers and distributors of fresh-cut flowers from South America. *See* ECF No. 1 ("Compl.") ¶ 7.  Defendant issued Plaintiffs a commercial property insurance policy that provided coverage for loss or damages to Plaintiffs' flower stock.  *Id.* ¶¶ 7, 11–12, 14.  On or about April 21, 2020, Plaintiffs tendered a loss and damage claim to Defendant for loss of stock, and on April 30, 2020, Defendant denied Plaintiffs' claim. *See id.* ¶¶ 22–23.  On June 3, 2020, Plaintiffs filed suit against Defendant alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and seeking declaratory relief.  *See generally id.*

On March 8, 2021, the Court granted Defendant's motion to dismiss, *see* ECF No. 5, and dismissed Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), *see* ECF No. 21 ("Order").  The Court granted Plaintiffs until April 7, 2021 to file an amended complaint.  *See* Order at 15.  Plaintiffs did not file an amended pleading or otherwise notify the Court of their intentions to proceed with this action.  *See generally* Docket.  On May 3, 2021, Defendant filed the present Motion.  *See* ECF No. 22.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits the Court to dismiss an action or claim involuntarily for a plaintiff's failure to prosecute.  *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).  The Ninth Circuit has articulated a five-factor test for determining whether dismissal for failure to prosecute is warranted.  The Court must evaluate: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quotations and citations omitted).  Moreover, a Rule 41(b) dismissal must be supported by a showing of unreasonable delay.  *Id.* (quotations and citations omitted).

///

///

## ANALYSIS

Defendant argues that a Rule 41(b) dismissal is appropriate in this action because "[a]ll five of the factors weigh in favor of dismissal." Mot. at 4. Defendant argues that Plaintiffs' failure to file an amended complaint amounts to "a failure to comply with the Court's order," which "hinders the Court's ability to manage its docket and indicates that Plaintiffs do not intend to proceed with litigating this action." *Id.* at 5 (citation omitted). Further, Defendant argues it is prejudiced by unreasonable delay because Plaintiffs' inaction "require[s Defendant] to continue to litigate this case and expend resources." *Id.* In response, Plaintiffs state that they would not oppose a final judgment of dismissal but argue that Defendant's Motion pursuant to Rule 41(b) is improper. Opp'n at 2. Plaintiffs argue the Court's Order did not "*require* Plaintiffs to file an amended complaint within 30 days." *Id.* (emphasis in original). Plaintiffs claim they "elected not to file an amended complaint, and instead to allow the Court's ruling to ripen into a final, appealable judgment." *Id.*

The distinction between a Rule 12(b)(6) dismissal and a Rule 41(b) dismissal is "not merely formal" because "a Rule 41(b) dismissal is deemed a sanction for disobedience, while a Rule 12(b)(6) dismissal carries no such stigma." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). The Ninth Circuit reviews a Rule 41(b) dismissal only for abuse of discretion, while it reviews a Rule 12(b)(6) dismissal de novo. *Id.*

Under these circumstances, the Court finds a Rule 41(b) dismissal of Plaintiffs' action inappropriate. Although Plaintiffs failed to file an amended complaint within the time specified in the Order, the Court merely granted Plaintiffs the opportunity to amend and did not require Plaintiffs amend their pleading. *See* Order at 15 (stating Plaintiffs "*may* file an amended complaint within thirty (30) days" (emphasis added)); *see also G.P.P., Inc. v. Guardian Prot. Prod., Inc.*, No. 1:15-CV-00321-SKO, 2018 WL 385372, at *16 (E.D. Cal. Jan. 9, 2018) (declining to dismiss pursuant to Rule 41(b) when the plaintiff failed to amend complaint where court order dismissing complaint without prejudice provided only that plaintiff "may" amend its complaint to state a claim). Plaintiffs have not engaged in

the sort of inaction or disobedience of a court order that would merit the sanction of a Rule 41(b) dismissal. *See Edwards*, 356 F.3d at 1065. Instead, having failed to amend their pleading within the Court's deadline, the proper result in this case is that Plaintiffs are no longer free to amend their pleading.

Here, Defendant has not made a sufficient showing of unreasonable delay. *See Omstead*, 594 F.3d at 1084. Plaintiffs formally notified the Court in their Opposition that they do not intend to file an amended pleading. Opp'n at 2. Although the notification did not come before the time to amend expired, there is no evidence of unreasonable delay. Plaintiffs notified the Court only 30 days after the expiration of the Order's deadline that they did not intend to amend their complaint. *See id.* "When the plaintiff timely responds with a formal notice of [its] intent not to amend, the threatened dismissal merely ripens into a final, appealable judgment." *Edwards*, 356 F.3d at 1065. The Court finds that Plaintiffs have expressed their intent to stand on their initial pleading within a reasonable time.

Additionally, the critical factor of availability of less drastic sanctions weighs decisively in favor of Plaintiffs. Plaintiffs have agreed to a Rule 12(b)(6) dismissal. Opp'n at 2. This matter is still expeditiously resolved, and the Court is able to manage its docket. Accordingly, the Court declines to dismiss pursuant to Rule 41(b).

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion to Dismiss for Failure to Prosecute Pursuant to Federal Rule of Civil Procedure 41(b) (ECF No. 22). The Clerk of the Court **SHALL ENTER** final judgment in favor of Defendant against Plaintiffs for the reasons set forth in the Court's March 8, 2021 Order (ECF No. 21). The Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: July 22, 2021

Hon. Janis L. Sammartino
United States District Judge